UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBIN RENEE SANDERSON, <br><br> Plaintiff, <br><br> v. <br><br> METRO PUBLIC SCHOOLS, et al., <br><br> Defendants. | Case No. 3:16-cv-00547 <br><br> Chief Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Newbern |

To: The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## **REPORT AND RECOMMENDATION**

By Order entered November 2, 2017, the District Court referred this action to the Magistrate Judge under 28 U.S.C. § 636(b)(1) to dispose or recommend disposition of any pretrial motions. (Doc. No. 11.) This case has been pending on the Court's docket with no action taken by Plaintiff Robin Renee Sanderson since April 14, 2016, when Sanderson filed a right-to-sue letter issued by the United States Equal Employment Opportunity Commission Nashville Area Office. (Doc. No. 9.) Defendants Metro Public Schools, Shelley Dunaway, and Beth Fields have not been served and have not appeared. On November 3, 2017, the Court ordered Sanderson to show cause by November 27, 2017, "that she intends to pursue this action and that her claims should not be dismissed for failure to prosecute." (Doc. No. 12, PageID# 28.) The order warned Sanderson that "failure to respond . . . may result in the magistrate judge recommending that this action be dismissed." (*Id.*) Sanderson has not responded to the Court's order. Accordingly, the Magistrate Judge RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.01.

I.   **Factual and Procedural Background**

Sanderson filed this lawsuit against Metro Nashville Public Schools (MNPS), Shelley Dunaway, and Beth Fields on March 9, 2016, alleging that she was "unjustly terminated" after being "[a]ccused of neglect of duty[,] conduct unbecoming [of an employee of MNPS], [and] mental or physical abuse of a student." (Doc. No. 1, PageID# 1; Doc. No. 9-1, PageID# 20.) Sanderson claims that she was discriminated against "based on [her] disabilit[ies,]" which include blindness and "deaf[ness] in [her] left ear since birth." (Doc. No. 1, PageID# 1.) Sanderson states that the firing defamed her character, "left [her] destitute," and has prevented her from finding "gainful employment" to support herself. (*Id.*) She seeks expungement of her record, compensation "for mental pain and suffering," and some way "to have a job to support [herself] in [her] chosen (passion) field of education." (*Id.* at PageID# 2.) She also asks that Defendants be held liable for their actions. (*Id.*)

On April 7, 2016, the Court entered an order granting Sanderson's application to proceed in forma pauperis, denying her motion for appointment of counsel, and stating that process would not yet issue. (Doc. No. 4, PageID# 9.) The Court informed Sanderson that, "[a]s a prerequisite to proceeding in federal court under the Americans with Disabilities Act, the Plaintiff must file a timely charge with the Equal Employment Opportunity Commission (EEOC) and receive a right-to-sue letter from the EEOC." (*Id.* at PageID# 9–10.) The Court granted her twenty-one days to file a right-to-sue letter (Doc. No. 4, PageID# 10), which Sanderson did on April 14, 2016. (Doc. No. 9-1.)

On November 2, 2017, this action was referred to the Magistrate Judge "to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(A) and (B), and to conduct further proceedings, if

necessary, under Rule 72(b), the [Federal Rules of Civil Procedure], and the Local Rules of Court." (Doc. No. 11.) The next day, the undersigned ordered Sanderson to show cause by November 27, 2017, that "she intends to pursue this action and that her claims should not be dismissed for failure to prosecute," noting that Sanderson had taken no action in the litigation since she filed her right-to-sue letter on April 14, 2016. (Doc. No. 12, PageID# 28.) The undersigned observed that the stagnancy of the litigation was, in part, a result of the Court's oversight—because Sanderson is proceeding in forma pauperis, the Court should have "provide[d] Sanderson with blank summons packets to return for service of process by the U.S. Marshal" after she filed her right-to-sue letter. (*Id.* at PageID# 27.) However, the undersigned also emphasized that it is "Sanderson's duty as the plaintiff in this action to ensure that the case moves forward." (*Id.* at PageID# 28.) Sanderson was informed that, if she confirmed her intent to pursue this action, "the Court will order service of process upon the named defendants." (*Id.*) Sanderson was warned that "failure to respond to the Court's order may result in the magistrate judge recommending that this action be dismissed for failure to prosecute." (*Id.*)

## II.     Legal Standard

Federal Rule of Civil Procedure 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) does not abrogate the courts' power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) ("[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of dismissal.") (citing *Link*, 370 U.S. 626). Consistent

3

with *Link*, this Court's Local Rule 41.01 requires sua sponte dismissal for failure to prosecute of "a civil action that has been on the docket for six (6) months without any responsive pleading or other court proceedings taken therein . . . but the dismissal shall be without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01 (dismissal of inactive cases).

In determining whether dismissal under Rule 41(b) is appropriate, the Court considers four factors: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Carpenter v. City of Flint*, 723 F.3d 700, 703–04 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590 (6th Cir. 2011)). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b). The Sixth Circuit has cautioned that dismissal with prejudice is a "harsh sanction" that should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F.2d at 161. Dismissal without prejudice is "a comparatively lenient sanction" for which the "controlling standards should be greatly relaxed because the dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy v. G.C.R. Inc.*, 110 F. App'x 552, 556 n.4 (6th Cir. 2004).

### III. Analysis

Despite being warned of the consequences of not taking action in her case, Sanderson has done nothing in this litigation since filing her notice of right-to-sue letter more than two years ago. That inaction warrants dismissal of this lawsuit under Rule 41(b) and Local Rule 41.01. Although there is no evidence that Sanderson's failure to prosecute this action was motivated by bad faith,

she is "at fault for failing to comply with the Court's [show cause order]." *Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (M.D. Mich. Feb. 8, 2017). That order warned Sanderson that a failure to respond could lead to dismissal of her lawsuit. (Doc. No. 12, PageID# 28.)

The "less-drastic" sanction of dismissal without prejudice is available, and the undersigned finds it appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *Mulbah*, 261 F.3d at 591. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Mulbah*, 261 F.3d at 591 (noting that the four-factor test is applied "more stringently where the conduct of a plaintiff's attorney is the reason for dismissal"). This Court's Local Rule strikes the same balance, providing that dismissal of inactive cases "shall be without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01. Taking all of these factors into account, the undersigned finds that dismissal without prejudice best addresses the status of this litigation and the Court's interest in managing its docket.

## IV. Recommendation

For these reasons, the undersigned RECOMMENDS that it be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule 41(b) and Local Rule 41.01.

Any party has fourteen (14) days after being served with this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days after being served with a copy thereof in which to file any responses to said objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further

appeal of the matters disposed of therein. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

ENTERED this 7th day of June, 2018.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge